IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ALABAMA POWER COMPANY; GEORGIA POWER COMPANY; and SOUTHERN NUCLEAR OPERATING COMPANY, INC., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 08-237C<br>(Senior Judge Merow) |
| UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO
PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY

Defendant, the United States, respectfully submits this reply to the opposition to defendant's motion to stay filed by plaintiffs, Alabama Power Company, Georgia Power Company and Southern Nuclear Operating Company (collectively, "plaintiffs,").

Although the United States Court of Appeals for the Federal Circuit issued initial decisions in Yankee Atomic Electric Co. v. United States, No. 07-5025 (Fed. Cir.) ("Yankee Atomic"), Sacramento Municipal Utility District v. United States, No. 07-5052 (Fed. Cir.) ("SMUD"), and Pacific Gas & Electric Co. v. United States, Nos. 07-5046 (Fed. Cir.) ("PG&E"), on August 7, 2008, we renew our request that the Court stay all proceedings in this matter, including, but not limited to, defendant's obligations to respond to the complaint, until resolution of the pending appeals in Southern Nuclear Operating Co. v. United States, Nos. 2008-5020, -5028 (Fed. Cir. docketed Jan. 3, 2008) ("Southern Nuclear I") and Nebraska Public Power District v. United States, No. 2007-5083 (Fed. Cir.) ("NPPD"), as well as the issuance of the final mandates in Yankee Atomic, SMUD, and PG&E. Issues that are raised by the plaintiffs in this case ("Southern Nuclear II") are being addressed in each of these appeals, and it would be

inefficient and potentially unjust to allow matters to proceed in this case while those same issues are being resolved by the Federal Circuit.

Since the Government filed its motion to stay and plaintiffs filed their opposition to that stay, the Federal Circuit issued decisions in Yankee Atomic, PG&E and SMUD. In Yankee Atomic, the Federal Circuit determined that the trial court in the spent nuclear fuel cases must determine a rate of acceptance in order to be able to evaluate causation properly and set forth a framework through which, applying that rate, causation must be analyzed. Yankee Atomic, slip op. at 6-7. The Federal Circuit further determined that the 1987 Annual Capacity Report "presents the most reasonable measure of the contractual acceptance rate." Pacific Gas, slip op. at 17. The time for further review of these decisions has not yet run, so it is unknown what the scope of the final decisions in these appeals will be. Regardless of the final outcome of these decisions, given the Federal Circuit's determination that the trial court must determine a rate of acceptance in determining causation in these cases, the Court should properly stay the development of this case until that rate is determined so that rate may be properly applied in the development of plaintiffs' claim in this case.

The Court should also await the resolution of the appeal of Southern Nuclear I, prior to consideration of this case. The plaintiffs have not admitted error in the Court's decision, so continuing appellate review of the Court's causation analysis may be necessary. Further, plaintiffs have filed their own notice of appeal in Southern Nuclear I and apparently plan to seek appeal of the Court's denial of their claims for the cost of capital and expenditures for the Private Fuel Storage initiative, according to their own docketing statement. Resolution of these issues on appeal will allow plaintiffs to assemble a proper claim for the Government to audit.

Moreover, the Federal Circuit has not yet issued a decision in NPPD, which could affect the Government's possible defenses in this case. As we noted in our initial motion, the Government has to date been denied the opportunity to assert a defense under the "Unavoidable Delays" clause, which, if deemed applicable, would on its face provide a complete defense to liability for the plaintiffs' claims. Requiring this case to move proceed before the availability of this defense has been addressed by the Federal Circuit in NPPD would further deprive the Government of the opportunity to assert a right for which it bargained when the parties agreed to the Standard Contract. In response to this point, plaintiffs contend that the Federal Circuit's ruling will have no effect in this case because of this Court's ruling that the Government had waived this defense. Opposition at 6 (citing Southern Nuclear Operating Co. v. United States, 77 Fed. Cl. 396, 459 (2007), appeal docketed, Nos. 2008-5020, -5028 (Fed. Cir. Jan. 3, 2008)). In our docketing statement for the appeal in Southern Nuclear I, we stated that the Court's ruling regarding the waiver of this defense was one of the potential issues on appeal. The Court should await the Federal Circuit's ruling upon both NPPD and Southern Nuclear I to avoid the waste of resources by the Court and the parties, if the Government is permitted to advance this defense.

In their opposition to the Government's motion to stay this case, plaintiffs assert that there is no harm from proceeding with this case because the "first step" in the development of this case is discovery into "what Southern has actually spent on SNF storage." Opposition at 4. Plaintiffs also claim that this audit process will not be informed by the results of the appeals pending at the Federal Circuit. In essence, plaintiffs appear to be asking the Court to order the audit process to proceed while the appeals proceed to resolution so that the case is ready for trial when the legal issues on appeal are finally resolved. Plaintiffs misapprehend the import of the

Federal Circuit's rulings and fail to acknowledge the remaining issues on appeal and how those appeals will control this litigation and the scope of the audit with which the plaintiffs want the Government to proceed.

Plaintiffs mistakenly contend that the first activity that would need to occur would be for the Government to conduct discovery regarding Southern Nuclear's incurred costs and that the Government would simply "send a discovery request." Instead, as the recent decisions from the Federal Circuit appear to hold, plaintiffs would need to assemble their claim for costs incurred as a result of the delay in performing the Standard Contract, compared to an appropriate "but for" world identification of incurred costs. The scope of this claim, and the Government's resulting audit of it, will depend upon the rate of acceptance that should be applied as well as the other issues to be decided in the remaining appeals (including the availability of "Unavoidable Delays" defense generally, and as applied to these plaintiffs, recoverability of cost of capital and PFS expenses). Contrary to plaintiffs' description, the audit process is a time intensive and costly process for the Government to undertake. It certainly consumes greater resources than simply "drafting and mailing of a discovery request," as plaintiffs contend. Opposition at 7. The Government should not be required to expend these resources "over several months," as plaintiffs acknowledge, Opposition at 8, to audit claims for costs that plaintiffs may not be allowed to recover.

Plaintiffs also assert that they are losing $650,000 per month in interest charges on costs incurred since 2004 to store additional spent fuel as the result of the delay by the Department of Energy ("DOE"). Opposition at 7. However, plaintiffs' "loss" of that interest is the result of the Court's ruling that plaintiffs cannot recover the cost of capital in these suits against the

Government. Southern Nuclear, 77 Fed. Cl. at 450. Moving ahead to discovery in this case does not mitigate that loss for plaintiffs. Instead, waiting for the appellate resolution of issues that should streamline the presentation of plaintiffs' claims will save plaintiffs money.

## CONCLUSION

For these reasons and the reasons discussed in our original motion, we respectfully request that the Court enter an order granting this motion to stay all proceedings in this matter until the Federal Circuit issues opinions resolving the appeals of NPPD, PG&E, Yankee Atomic, SMUD, and Southern Nuclear I. If the Court declines to issue a stay, we respectfully request that the Court enlarge the time to answer the complaint in this action to a date 14 days after the date of the order denying our motion.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Marian E. Sullivan
MARIAN E. SULLIVAN
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington D.C. 20530
Tele: (202) 307-0365
Fax: (202) 307-2503

August 18, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that, on this 18th day of August, 2008, a copy of foregoing "DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR A STAY," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Marian E. Sullivan