IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **ALABAMA POWER COMPANY; GEORGIA POWER COMPANY; AND SOUTHERN NUCLEAR OPERATING COMPANY, INC.,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 08-237C** |
| | ) | **(Senior Judge Merow)** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS ALABAMA POWER COMPANY, GEORGIA POWER COMPANY, AND SOUTHERN NUCLEAR OPERATING COMPANY'S OPPOSITION TO DEFENDANT GOVERNMENT'S MOTION TO COORDINATE DISCOVERY AND DEVELOP A LITIGATION PLAN FOR THE SPENT NUCLEAR FUEL CASES**

Plaintiffs Alabama Power Company ("APCo"), Georgia Power Company ("GPCo"), and Southern Nuclear Operating Company, Inc. ("Southern Nuclear") (collectively, "Southern") oppose the Defendant Government's motion to coordinate discovery and develop a litigation plan for the spent nuclear fuel ("SNF") cases because the Federal Circuit has resolved the common issues cited by the Government and remaining discovery will involve different proof of damages from each different utility.

Southern Nuclear is the licensed operator of the Farley, Hatch, and Vogtle Nuclear Plants. APCo owns the Farley Nuclear Plant, and GPCo (and co-owners Municipal Electric Authority of Georgia, the City of Dalton, Georgia, and Oglethorpe Power Corporation) own the Hatch and Votgle Nuclear Plants. In 1998, Southern filed an action against the Government in an earlier case before this Court (No. 98-614), alleging, among other things, partial breach of contract for the acceptance of SNF. After a trial on damages incurred through December 31, 2004, this Court entered judgment for $77,197,080 in damages. *Southern Nuclear Operating Co.*

*v. United States*, 77 Fed. Cl. 396, 460 (2007). The earlier case is on appeal to the Federal Circuit (Fed. Cir. Nos. 2008-5020, 5028).

On April 3, 2008, Southern filed this case, alleging, among other things, DOE's continued partial breach of Southern's contracts for SNF acceptance. In this case, Southern seeks damages incurred for SNF storage after December 31, 2004. On August 21, 2008, the Government filed its Motion to Coordinate Discovery and Develop a Litigation Plan for the Spent Nuclear Fuel Cases in numerous SNF cases before this Court, including this case.

## **ARGUMENT**

The Government's Motion for coordinated discovery and a litigation plan should be denied because the common issues cited by the Government as the basis for its Motion -- SNF acceptance rate, coverage of Greater than Class C ("GTCC") waste, exchanges of SNF acceptance allocations, and offset for unpaid one-time fee (Gov. Mot. 9.) -- have all been resolved against the Government by the Federal Circuit in *Yankee Atomic Electric Co. v. United States*, Nos. 2007-5025, et al., 2008 WL 3089032 (Fed. Cir. Aug. 7, 2008) ["*Yankee Atomic*"], *Sacramento Municipal Utility District v. United States*, Nos. 2007-5052, et al., 2008 WL 3539880 (Fed. Cir. Aug. 7, 2008) ["*SMUD*"], and *Pacific Gas and Electric Co. v. United States*, No. 2007-5046, 2008 WL 3089272 (Fed. Cir. Aug. 7, 2008) ["*PG&E*"]. Coverage of GTCC waste and offset for an unpaid one-time fee are not issues in this case. In any event, discovery on all of these issues would appear to be unnecessary as the issue before the Court in the present case is the quantum of damages due Southern given the recent decisions of the Federal Circuit. Deciding the quantum of damages issue will involve a review of Southern's costs incurred in mitigating the Government's breach, and will be different for each utility plaintiff.

In this case, the Government's partial breach of its contracts with Southern was resolved in *Southern Nuclear*, 77 Fed. Cl. 396, the Government's continued partial breach cannot be disputed, and the acceptance rate is settled. Consequently, most, if not all, of the discovery in this case will be of Southern's damages -- the amounts spent after December 31, 2004 for SNF storage at Plants Farley, Hatch, and Vogtle. Most of this discovery will not come from the Department of Energy ("DOE"), but from the books, records, and personnel of APCo, GPCo, and Southern Nuclear. DOE should not be subjected to overly burdensome, duplicative discovery requests regarding Southern's damages in this case.

The Government's authority for coordinated discovery and development of a litigation plan for all SNF cases is unclear. While RCFC 40.2(a) allows assignment of directly related cases, this case is not directly related to the other pending SNF cases because it involves SNF contracts with different parties covering different nuclear reactors and different SNF. *See Entergy Nuclear Indian Point 2, LLC v. United States*, 62 Fed. Cl. 798, 801 (2004) (Lettow, J.) ("For the purposes of RCFC 40.2(a)(1)(B), 'same contract' means just what it says, no less and no more. Precisely the same contract must be involved, not just a contract that is similar or that has identical or comparable terms but relates to one or more different parties.").

Even if this case were indirectly related to other SNF cases, there must be "common issues of fact" and proposed discovery coordination must "significantly promote the efficient administration of justice." RCFC 40.2(b)(1). The Government has not identified a single issue of fact that this case has in common with the other SNF cases. The damages issues that will be tried in this case involve different nuclear plants, different SNF storage facilities, and different factual issues that are not common with other cases. Thus, coordinated discovery and a litigation plan would not "significantly promote the efficient administration of justice." *Id.*

Without common issues of fact or a common source of discovery, the Government's suggested uniform plan to litigate different damages claims would not preserve the resources of this Court or the parties. Indeed, after the Federal Circuit's decisions in *Yankee Atomic*, *SMUD*, and *PG&E*, the more reasonable course would appear not to be years of additional litigation, but payment by the Government of Plaintiffs' SNF storage claims on the terms established in those decisions.

## CONCLUSION

For the foregoing reasons, the Government's Motion should be denied.

Respectfully submitted,

Dated: September 8, 2008

/s/ M. Stanford Blanton

M. Stanford Blanton
BALCH & BINGHAM LLP
1710 Sixth Avenue North
Birmingham, AL 35203
Tel.: 205-226-3417
Fax: 205-226-8798

*COUNSEL OF RECORD FOR PLAINTIFFS*

Of Counsel:

Ed R. Haden
Peter D. LeJeune
K.C. Hairston
BALCH & BINGHAM LLP
1710 Sixth Avenue North
Birmingham, AL 35203
Tel.: (205) 251-8100
FAX: (205) 226-8798

Ronald A. Schechter
Jeffrey L. Handwerker
Matthew M. Shultz
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1202
Tel.: (202) 942-5000
FAX: (202) 942-5999

**CERTIFICATE OF FILING**

The undersigned hereby certifies that on September 8, 2008, the foregoing PLAINTIFFS ALABAMA POWER COMPANY, GEORGIA POWER COMPANY, AND SOUTHERN NUCLEAR OPERATING COMPANY'S OPPOSITION TO DEFENDANT GOVERNMENT'S MOTION TO COORDINATE DISCOVERY AND DEVELOP A LITIGATION PLAN FOR THE SPENT NUCLEAR FUEL CASES was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ M. Stanford Blanton

M. Stanford Blanton
BALCH & BINGHAM LLP
1710 Sixth Avenue North
Birmingham, AL 35203-2015
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

COUNSEL OF RECORD FOR ALABAMA POWER COMPANY; GEORGIA POWER COMPANY; AND SOUTHERN NUCLEAR OPERATING COMPANY, INC.