# In the United States Court of Federal Claims
No. 08-237 C
(Filed November 15, 2013)

| | |
|---|---|
| ALABAMA POWER COMPANY, | ) |
| GEORGIA POWER COMPANY, | ) |
| and SOUTHERN NUCLEAR | ) |
| OPERATING COMPANY, INC. | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

### ORDER

On November 10, 2013, plaintiffs filed a motion to dismiss, without prejudice, certain claims relating to the Vogtle plant. *See* Doc. 131. The asserted basis of plaintiffs' motion is "to simplify this case" and "to promote judicial efficiency by consolidating common issues of law and fact into a single lawsuit." *Id.* at 2. Plaintiffs claim that the government will not be prejudiced by a dismissal because the discovery it has already conducted will be applicable to a later-filed suit. *Id.* at 3.

Court of Federal Claims Rule 41(a)(2) provides that a voluntary dismissal is permitted after service of a response to the complaint only "by court order, on terms that the court considers proper." "The decision whether to grant or deny a motion for voluntary dismissal lies within the sound discretion of the court." *Whyde v. United States*, 51 Fed. Cl. 635, 637 (2002). In evaluating the propriety of dismissal, the court should consider factors such as: "(1) plaintiff's diligence in bringing the motion; (2) any undue vexatiousness on plaintiff's part; (3) the extent to which the suit has progressed, including defendant's efforts and expense in preparation for trial; (4) the duplicative expense of relitigation; and (5) the adequacy of plaintiffs' explanation for the need to dismiss." *Id.* (citing *D'Alto v. Dahon Cal., Inc.,* 100 F.3d 281, 283 (2d Cir.1996)); *See also Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc.*, 479 F.3d 1330, 1337 (Fed. Cir. 2007). The primary purpose of this assessment is to "prevent voluntary dismissals which unfairly affect the other side." *Id.* (quoting *Paulucci v. City of Duluth,* 826 F.2d 780, 782 (8th Cir.1987)).

While it may be true that "[c]ourts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit," *id.* (quoting *Paulucci*, 826 F.2d at 782), the court agrees that the government will be unfairly penalized by allowing plaintiffs' dismissal at this late date.

Plaintiffs have not been sufficiently diligent in filing this motion. This lawsuit, including the claims relating to the Vogtle plant, has been pending for more than five years. *See* Doc. 1 (complaint filed on April 3, 2008). The court recognizes that, particularly in cases as complicated as this one, strategic considerations change during the course of litigation. The considerations raised by plaintiffs in their motion, however, are not recent revelations. Plaintiffs claim that the damages relating to the Vogtle plant are relatively small, but will require a disproportionately high number of witnesses to prove. *See* Doc. 131 at 2. Surely plaintiffs were aware of these circumstances long before it filed its motion on November 10, 2013.

In addition, plaintiffs' contention that dismissing a portion of the claim will simplify the case rings hollow. *See id.* Assuming the dismissal would simplify the case, plaintiffs could have filed this motion months or years before now. But the court is not at all certain that such an assumption is justified. As demonstrated by its very recent SNF decision, the court can efficiently deal with claims for construction and storage damages from multiple facilities in the same trial. *See, e.g., Connecticut Yankee Atomic Power Company v. United States*, No. 1:07-cv-875, Doc. 133, Opinion dated November 14, 2013 (also available on the Court of Federal Claims website under "Opinions/Decisions").

It does not appear to the court, nor does the government argue, that plaintiffs have filed this motion with any undue vexatiousness. Even so, this lawsuit has progressed to the eve of trial, and the government has gone to considerable lengths in preparing. Changing the playing field now, absent better justification, would be unfair. Perhaps the government's efforts would not be entirely wasted given plaintiffs' intent to file a new lawsuit on the Vogtle claims if dismissal is granted, but plaintiffs have admitted that those claims will differ to some degree from those asserted in the instant case. *See* Doc. 133 at 6-7 (stating that if this motion is granted, plaintiffs "will be forfeiting a portion of its Plant Vogtle-specific claim to the Tucker Act's six-year statute of limitations"). Plaintiffs do not explain the anticipated differences further, but the court finds that the potential that the claims will change indicates that the government may similarly be required to change its trial preparation.

Plaintiffs also argue that the unexpected and recent lack of cooperation on stipulations has resulted in the need to prove their damages in far more detail than anticipated. *See* Doc. 133 at 2-3. At the pretrial conference held on November 13, 2013, the parties reported to the court that stipulations were forthcoming, and the court has ordered that they be filed no later than 5PM on November 15, 2013. *See* Doc. 134 at 1. As such, the lack of stipulations no longer lends any support to plaintiffs' argument. And, to ensure that the parties have the time necessary to try the case, the court has reserved an additional two days for trial (Monday, November 25 and Tuesday, November 26). Although these days will be available should they be required, the court urges the parties to make every effort to complete the trial within the originally allotted five days.

For the foregoing reasons, plaintiffs' motion for voluntary dismissal is **DENIED.**

**SO ORDERED.**

s/ James F. Merow
James F. Merow
Senior Judge